No. 03-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 25N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

TIMOTHY FIELDS,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and for the County of Yellowstone, Cause No. DC 98-0925
                     The Honorable Russell C. Fagg, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Gary E. Wilcox, Attorney at Law, Billings, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General; C. Mark Fowler,
                Assistant Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone
                County Attorney, Ed Zink, Deputy County Attorney, Billings, Montana


                          Submitted on Briefs:  July 20, 2004

                                  Decided:  February 15, 2005

Filed:

_____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Timothy Fields appeals his conviction in the Montana Thirteenth Judicial District Court, Yellowstone County, in which a jury found him guilty of Deliberate Homicide and Felony Assault. The District Court sentenced Fields to the Montana State Prison, and ordered him to pay restitution to the homicide victim's family. We affirm.

¶3 The dispositive issues are: Did Fields receive ineffective assistance of counsel when his attorney, in stipulation with the State, moved that Fields be retried on the felony assault charge (then the subject of postconviction proceedings), and that the retrial on the felony assault charge be consolidated with a new trial for the deliberate homicide charge? Second, did Fields' subsequently appointed counsel render ineffective assistance by failing to withdraw the motion?

¶4 The underlying facts of this case have been detailed in *State v. Fields*, 2002 MT 84, 309 Mont. 300, 46 P.3d 612 ("Fields I"), and will not be repeated here. After this Court reversed and remanded Fields' conviction on one count of Deliberate Homicide and affirmed Fields' conviction on one count of Felony Assault, the Yellowstone County Attorney's Office began preparations to retry Fields on the deliberate homicide charge. Meanwhile,

2

Fields apparently petitioned the District Court for postconviction relief on the felony assault charge.

¶5 On July 15, 2002, Fields, through his appointed counsel, filed a Motion to Consolidate Cases in the District Court. Fields asserted that the relief requested in his Petition for Postconviction Relief was a new trial on the felony assault charge. Noting that the State had no objection to consolidating the matters for retrial, Fields moved for an order granting him a new trial on the felony assault charge, and consolidating the felony assault case with the deliberate homicide charge for retrial in a single proceeding. Fields asserted in the motion that he "could be arraigned on both counts and tried on each of the counts at the same time[.]" Furthermore, he explained, the judge to whom his postconviction relief petition had been assigned had no objection to allowing the judge to whom his deliberate homicide case had been assigned to handle this matter as well.

¶6 Fields' appointed counsel left the Public Defender's Office prior to the commencement of Fields' trial. Fields was then represented by other attorneys from that office. His new attorneys did not object to the consolidated trial arrangement which had been made by his previous counsel. Trial was held in the consolidated cases, and a jury convicted Fields on both counts on March 14, 2003.

¶7 The District Court sentenced Fields to seventy (70) years on the Deliberate Homicide count, with an additional five (5) years, to run consecutively, for his use of a firearm during the commission of that crime, and ten (10) years on the Felony Assault count, to run concurrently with the deliberate homicide sentence.

3

¶8 Fields asserts that, by agreeing to consolidate these matters for retrial, his counsel was ineffective. He maintains that he was prejudiced by the consolidation of the cases because evidence otherwise inadmissible in one matter was admitted against him by virtue of the consolidation.

¶9 When a claim of ineffective assistance of counsel is based on facts of record it may be raised on direct appeal, but if the allegations cannot be documented from the record, the claims must be raised in a petition for postconviction relief. *Fields I*, ¶ 31 (citation omitted). A silent record cannot rebut the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Fields I*, ¶ 31 (citations omitted). When the record does not fully explain why counsel took a particular course of action, the matter is best suited for postconviction proceedings which permit a further inquiry into whether the particular representation was ineffective. *Fields I*, ¶ 32 (citation omitted).

¶10 We have decided this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. Having reviewed the record as presented to this Court and to read the Briefs submitted in this case, we find no basis on the record before us to grant the relief Fields seeks.

¶11 The record as submitted to this Court is simply inadequate to make any determinations regarding Fields' claims of ineffective assistance, and based upon that inadequacy, we decline to consider this issue on direct appeal. We affirm the District Court.

/S/ PATRICIA O. COTTER

4

We Concur:

/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART